Case 4:05-cv-03773   Document 5   Filed in TXSD on 11/04/05   Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**HOUSTON** DIVISION

| | |
|---|---|
| CHARLES DANIEL THACKER, § | |
| § | |
| Plaintiff, § | |
| VS. § | **CIVIL** ACTION NO. **H-05-3773** |
| § | |
| BRAD LIVINGSTON; cp TDCJ, *et al*, § | |
| § | |
| Defendant. § | |

## ORDER

In 1994, a Texas jury convicted Charles Daniel Thacker ("Thacker") of capital murder and answered Texas' special issue questions in a manner requiring the imposition of a death sentence. Thacker has already availed himself of state and federal avenues for relief. The State of Texas will execute Thacker on November 9, 2005. Thacker has now filed a case pursuant to 42 U.S.C. § 1983 seeking to enjoin Texas from effectuating his execution by the protocol currently in use. For the reasons provided below, this Court dismisses Thacker's action with prejudice.

Texas has selected lethal injection as its sole method of execution. *See* TEX. CODE CRIM. PRO. art. 43.14. The Texas statute governing lethal injection states that the executioner will carry out a capital inmate's sentence "by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death and until such convict is dead," but provides no specification as to what substances should be used in that injection. While Texas keeps its precise execution protocol a secret, Thacker assumes that his execution will involve a three-drug cocktail of sodium thiopental, pancuronium bromide, and potassium chloride. Thacker alleges that the combination of these drugs paralyzes a prisoner and masks excruciating pain

experienced during an execution. Thacker alleges that this paralyzation after the injection of pancuronium bromide violates his First Amendment right to free speech by stifling his expression of pain. Thacker seeks a permanent injunction barring Texas from using its current protocol to carry out his death.

Serious procedural concerns doom Thacker's lethal-injection challenge. Thacker has chosen to advance his challenge to Texas' lethal-injection procedure in a civil rights complaint as opposed to a habeas corpus petition. The Supreme Court, and also the Fifth Circuit, have refused to "reach the difficult question of how to categorize method-of-execution claims generally." *Nelson v. Campbell*, 541 U.S. 637, 644 (2004). The question of which legal vehicle exists to advance Thacker's current claims transcends intellectual curiosity. If relief for Thacker's claims only lies in habeas law, the successive-petition prohibition found in 28 U.S.C. § 2244(b)(2) prevents this Court from affording him any relief, including a stay of execution, without prior authorization from the circuit court. The Fifth Circuit, however, has avoided characterizing method-of-execution cases as either habeas or civil rights actions, generally finding other reasons not to postpone the inmate's execution. *See, e.g., White v. Johnson*, ___ F.3d ___, 2005 WL 2857456, at *1 (5th Cir. Nov. 1, 2005) (denial based on delay in bringing the claim); *Harris v. Johnson*, 376 F.3d 414, 417 (5th Cir. 2004) (same); *Hines v. Johnson*, 03-21173, 133 Fed. Appx. 145 (5th Cir. 2005) (unpublished) (denial based on failure to show an alternative to the lethal-injection protocol); *Aldrich v. Johnson*, 388 F.3d 159, 161 (5th Cir. 2004) (same). The circumstances of this case likewise allow the Court to bypass the question of which vehicle an inmate must use to raise a lethal-injection challenge.

Any postponement of Thacker's execution, either by habeas stay or civil rights injunction, requires the operation of this Court's equitable powers. *See Gomez v. United States Dist. Court*

*for Northern Dist. of Cal.*, 503 U.S. 653, 653-54 (1992) ("Whether his claim is framed as a habeas petition or as a § 1983 action, [the petitioner] seeks an equitable remedy."); *White*, ___ F.3d at ___, 2005 WL 2857456, at *1 (denying a last-minute civil rights complaint without deciding whether habeas corpus or civil rights jurisprudence provided the appropriate remedy because "[t]he principles enunciated by the [Fifth Circuit] are equally applicable to all types of equitable relief, including permanent injunctions, sought by inmates facing imminent execution"). Regardless of which type of case most properly brings a lethal-injection challenge into federal court, Thacker has not shown entitlement to equitable relief.

The Supreme Court cautions that "[e]quity must take into account the State's strong interest in proceeding with its judgment." *Gomez*, 503 U.S. at 654; *see also Nelson*, 541 U.S. at 644 ("[A] State retains a significant interest in meting out a sentence of death in a timely fashion."); *White*, ___ F.3d at ___, 2005 WL 2857456, at *1. Also, "[a] court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez*, 503 U.S. at 654; *see also Nelson*, 541 U.S. at 649-50 (finding that a district court must consider "the extent to which the inmate has delayed unnecessarily in bringing the claim"). A jury found Thacker worthy of death more than a decade ago. Federal and state courts have considered various constitutional challenges to the integrity of his conviction and sentence. Throughout his extensive legal proceedings Thacker has known that he would die by lethal injection, but only now at the last moment shows concern for the constitutionality of that procedure. *See White*, ___ F.3d at ___, 2005 WL 2857456, *2 (finding that an inmate "ha[d] no excuse for delaying his claim until the eleventh hour, and he cannot argue that 'he was unaware of the State's intention to execute him by injecting the three chemicals he now challenges.'") (quoting *Harris*, 376 F.3d

at 417).[1]  A "strong equitable presumption" exists against staying an execution date "where a claim could have been brought at such a time as to allow consideration of the merits" without unduly interfering with a state's criminal justice process.  *Nelson*, 541 U.S. at 650.  Thacker provides no reasonable justification for his delay in advancing his lethal-injection challenge until the eleventh hour.[2]

A "district court must decide the determinative question of whether it is being requested to enjoin the execution, rather than merely to enjoin an allegedly unnecessary medical procedure that precedes the execution."  *Aldrich*, 388 F.3d at 161; *see also Nelson*, 541 U.S. at 746 (focusing on whether the method-of-execution challenge would necessarily prevent the State from carrying out an execution); *Harris*, 376 F.3d at 416 ("[O]ne of the animating principles in *Nelson* [was the] requirement that the § 1983 claims not unduly threaten the state's ability to carry out the scheduled execution.").  Given his ability to bring this claim much earlier, Thacker's legal attack is a naked attempt to delay the execution of his sentence.

Equity cannot forgive an inmate's "obvious attempt at manipulation" of the legal system.  *Gomez*, 503 U.S. at 654.  Whether by stay of execution or by injunction, this Court cannot stop Thacker's execution from proceeding.  Accordingly,

The Court **GRANTS** Thacker's motion to proceed *in forma pauperis*, but **DISMISSES** Thacker's complaint **WITH PREJUDICE**.

---

[1]  Thacker worries that the executioner may have difficulty finding a vein, but the State assures him that, unlike in the *Nelson* case, it will not use the "cut-down method" of lethal injection to gain intravenous access.

[2]  Thacker, in part, alleges that a recent advisory by the American Society of Anesthesiologists suggests that Texas' execution protocol entails a high risk for inmate consciousness during execution.  Notwithstanding the newness of this information, inmates for some time have challenged pancuronium bromide's effect in the lethal-injection cocktail, and while providing more support to his argument, it does not significantly enhance the quality of his lethal injection challenge.

Signed at Houston, Texas, this 4th day of November, 2005.

_____
Melinda Harmon
United States District Judge